IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

ASHLEY NICOLE McFATRIDGE                                                            PLAINTIFF

V.                                                                 CIVIL ACTION NO. 4:25-CV-25-DAS

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

Before the court is Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for SSI benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. [Dkt. 8]. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

Plaintiff, Ashley Nicole McFatridge, filed her application for benefits on December 8, 2021, alleging onset of disability beginning December 1, 2021. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 3, 2024. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Plaintiff's seizure disorder was a severe impairment and that she retained the residual functional capacity (RFC) to perform work at all exertional levels, with the following additional limitations: inability to climb ladders, ropes, or scaffolds; inability to work at height; and inability to work around unprotected hazards. While Plaintiff had no past relevant

work, the ALJ found, based on the testimony of the vocational expert (VE), that there were jobs in the national economy that would fit within her RFC of unskilled labor. For example, the ALJ found she can work as a laundry worker, kitchen helper, and laundry attendant.

ANALYSIS

On appeal, Plaintiff argues the ALJ erred in his assessment of her mental health impairments by failing to incorporate them into or to consider them in crafting her RFC.

"Courts have routinely found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Havice v. Commissioner of Social Security*, 2025 WL 958170, at * 6 (S.D. Miss. Mar. 31, 2025) (collecting cases). Judge Chestney states the distinction more succinctly: "an ALJ errs not in failing to '*include* mental limitations' in the RFC assessment, but in failing to '*consider* whether mental functional limitations were warranted.'" *Hernandez v. Commissioner of Social Security*, 748 F. Supp. 3d 442, 448 (W.D. Tex. 2024) (quoting *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022) (emphasis in original)).

In evaluating the severity of Plaintiff's mental impairments, the ALJ performed the psychiatric review technique and found Plaintiff to have mild limitations in all four functional areas. The ALJ then determined whether those mild findings impacted Plaintiff's RFC. The ALJ noted that Plaintiff's anxiety and panic attacks were treated on an outpatient basis with medication and that she reported increased symptoms when not on her medication. Mental status exams were repeatedly in normal limits. When Plaintiff presented with PTSD and depression in January 2023, a mental status exam showed she was cooperative, pleasant, attentive, had intact short- and long-term memory, had no delusions or hallucinations, and was appropriately

oriented. A consultative examination in April 2023 was abnormal, but the examining doctor found this to be the result of malingering. A mental status exam in July 2023 was relatively normal except for reported thoughts of harming her sister and mother. There was no indication that she had issues with authority figures in general or that she could not follow simple, routine instructions. A follow-up exam in September was again relatively normal, except for restlessness, rapid speech, and intermittent eye contact. Again, there was no indication these behaviors affected her ability to work.

Rather than cherry-picking evidence favorable to his ruling, the court finds the ALJ properly reviewed the totality of the evidence. Thus, the ALJ considered—and substantial evidence supports—that Plaintiff's mental impairments do not impose any functional limitations on her ability to work and therefore did not need to be included in the RFC. With some one-off exceptions, including a consultative examination with noted malingering, Plaintiff consistently had normal mental status exams indicating that she could perform basic unskilled labor like the jobs identified above by the VE.

Accordingly, the Commissioner's decision is hereby **affirmed**.

**SO ORDERED**, this the 23rd day of September, 2025.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**